FILED
JAN 2 2 2010

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JERRY DAY**, | Civil Case No. 08-944-JE |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social Security, | |
| Defendant. | |

H. Peter Evans
308 SW 1st Avenue, Suite 200
Portland , Oregon  97204

David B. Lowry
Attorney at Law
9900 SW Greenburg Road
Columbia Business Center, Suite 235
Portland , Oregon  97223

　　　　Attorneys for Plaintiff

Page 1 - ORDER

Kent S. Robinson
Acting United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

Terrye Erin Shea
Special Assistant United States Attorney
Assistant Regional Counsel
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104

      Attorneys for Defendant

KING, Judge:

The Honorable John Jelderks, United States Magistrate Judge, filed Findings and Recommendation on December 15, 2009. Defendant filed timely objections to the Findings and Recommendation.

When either party objects to any portion of a magistrate's Findings and Recommendation concerning a dispositive motion or prisoner petition, the district court must make a de novo determination of that portion of the magistrate's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). This court has, therefore, given de novo review of the rulings of Magistrate Judge Jelderks.

This court ADOPTS the Findings and Recommendation of Magistrate Judge Jelderks dated December 15, 2009 in its entirety, with the following clarification:

Page 2 - OPINION AND ORDER

Plaintiff's entitlement to an award of benefits cannot be determined until the Commissioner determines the date on which plaintiff became disabled, which can be no later than October 1995. Plaintiff will not be awarded Title II disability benefits (DIB) unless the Commissioner determines that he was disabled on or before his date last insured for Title II disability benefits. Plaintiff will not be awarded Title XVI disability payments (SSI) unless he meets the financial eligibility requirements set out in the regulations for each possible month of payment, based on his SSI application date.

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed. The case is remanded for a finding of disability and for rehearing to determine the date on which plaintiff became disabled.

Dated this _____22nd_____ day of January, 2010.

Garr M. King
United States District Judge

Page 3 - OPINION AND ORDER